**Donald J. MEDLEY, Plaintiff-Appellant,**

v.

**MISSOURI STATE HIGHWAY PATROL and A.S. Whitmer, Superintendent, Defendants-Respondents.**

No. 47304

Missouri Court of Appeals, Eastern District, Division Three.

May 9, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Denied June 19, 1984.

Application to Transfer Denied July 17, 1984.

Norman C. Steimel, St. Charles, for plaintiff-appellant.

Theodore Allen Bruce, Asst. Atty. Gen., Jefferson City, for defendants-respondents.

KAROHL, Presiding Judge.

Plaintiff-appellant Donald J. Medley has been a member of the Missouri State High-

way Patrol (Patrol) for twenty-three years. Aggrieved by a decision of an appeal board in a disciplinary proceeding of the Patrol which reduced his rank on the force, he filed a Chapter 536 [1] Administrative Procedure and Review Petition for judicial review with the circuit court. The trial court determined that Chapter 536 "is not applicable to this cause" and dismissed the petition.

The question on appeal is whether Chapter 536 applies to an appeal from a non-dismissal discipline order imposed by the superintendent of the State Highway Patrol. We hold that Chapter 536 applies when dismissal is a possible, although not necessarily actual, result of the charges.

Article V Section 18 of the Missouri Constitution provides that "[a]ll final decisions, findings, rules and orders on any administrative officer or body existing under the constitution or by law ... shall be subject to direct review by the courts as provided by law; ... in cases in which a hearing is required by the law, [the review shall include] whether the same are supported by competent and substantial evidence upon the whole record...." § 536.100 provides that "any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case, ... shall be entitled to judicial review ..." A contested case is a "proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." § 536.010(2).

The statutes governing the State Highway Patrol provide that members of the patrol with at least one year's service may be removed only for cause and only after a formal written charge has been filed and a hearing held before a five-member board convened to hear the charge. "—[T]he board ... report[s] to the superintendent the finding by the majority of the board, whether the charges are true and if sufficiently serious to warrant removal." § 43.-150. There is no specific statutory requirement of a formal charge or board hearing

for discipline other than removal. In *Hughes v. Whitmer*, 714 F.2d 1407, 1416 (8th Cir.1983) the court construed § 43.150, § 43.120 and Patrol General Order V–16–104, § V(A) and noted that a trooper can demand a formal hearing *only* when the Patrol recommends removal or when the trooper "is accused by a violation that is of such a nature that dismissal may be the outcome." *Id.* at 1416.

§ 43.060 forbids members of the patrol from receiving gifts without the written permission of the commission and provides for immediate discharge of any member of the patrol who violates the statute. Taken together the statutes require a formal hearing for any officer charged with accepting a gift.

On May 15, 1981, appellant was orally informed of a proposed disciplinary action whereby his rank was to be reduced and he was to be required to retire at age fifty-five with no possibility of promotion prior to retirement. On May 18, 1981, appellant requested, in writing, a hearing on the proposed disciplinary action. On June 12, 1981, a formal complaint was filed against petitioner stating six charges including violations of general patrol orders, a violation of § 43.060, § 43.140 and § 43.150 based on accepting a gift from an auto salvage company and for improper completion of patrol forms. Pursuant to § 43.150 and the right to appeal under Patrol General Order V–16–104 the superintendent selected and appointed a five-man board, to determine whether the charges were founded and if the proposed disciplinary punishment was just and fair. After a hearing on June 25, 1981 the board found that all six charges were founded and that the proposed disciplinary punishment was just and fair. The superintendent imposed the discipline recommended by the board and demoted Officer Medley from corporal to trooper and imposed a mandatory retirement at age 55 with no possibility of promotion prior to retirement.

1. All statutory references are to RSMo 1978.

Having exhausted all the agency remedies appellant sought review in the circuit court under Chapter 536. Appellant relies on Article V, § 18 of the Missouri Constitution and contends that the disciplinary proceeding of the patrol is subject to a Chapter 536 judicial review because any proceeding which denies a police officer rank is a contested case. *Moore v. Damos,* 489 S.W.2d 465, 468 (Mo.App.1973).

The patrol contends that Chapter 536 does not apply and appellant has no right to judicial review. The patrol argues that since the recommendation made by the patrol was not to remove appellant, this is not a contested case, because the law only requires hearings for dismissal. § 43.150. The patrol has not shown if or why Article V, § 18 is inapplicable.

We find that the trial court's legal conclusion that Chapter 536 did not apply in this case erroneously declared and applied the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976). We reverse and remand.

The patrol is a state agency, per § 536.-010(5), authorized by law to make rules, § 43.120, and adjudicate contested cases, § 43.150. The petition here contests a final decision, finding and order of the patrol, which order affects appellant's rights and privileges of office. It properly envokes the protection of Article V, § 18.

Chapter 536 which implements Article V, § 18, applies only to "contested cases" "in which legal rights, duties or privileges of specific parties are required by law to be determined after a hearing." *Karzin v. Collett,* 562 S.W.2d 397, 399 (Mo.App.1978). Defendant was charged with violating § 43.060 and § 43.150. The maximum punishment imposed for violation of these statutes is dismissal. Whenever dismissal is a possibility the patrol member is entitled to a pre-disciplinary hearing. *Hughes v. Whitmer,* 714 F.2d 1407, 1416 (8th Cir. 1983). § 43.150.

As the statute provides the right to a hearing and formal charges when dismissal is a possibility, and the defendant here was charged with offenses that could result in dismissal, this is a contested case. The defendant has a right to appeal the superintendent's decision to the circuit court under Chapter 536.

We reverse and remand to give defendant the appellate review to which he is entitled under Chapter 536. We do not reach the merits and express no opinion as to the possible results on review. The Highway Patrol is directed to comply with § 536.130 and complete the record so that the circuit court may review the case. In the event that is not possible the circuit court shall grant appropriate relief.

REINHARD and CRANDALL, JJ., concur.