**Donald J. MEDLEY, Appellant,**

v.

**MISSOURI STATE HIGHWAY PATROL, Respondent.**

No. 55658.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 8, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 6, 1989.

Rollin J. Moerschel, Lorna L. Frahm, Thompson & Mitchell, St. Charles, for appellant.

William L. Webster, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appellant, Donald J. Medley (Medley), appeals the judgment of the trial court upholding the decision of the Missouri State Highway Patrol (Patrol) reducing Medley's rank from Corporal to Trooper First Class with no possibility of promotion prior to his retirement at age 55 for violation of certain Patrol General Orders (General Orders) and certain sections of Chapter 43 RSMo 1978 (all further RSMo references are to 1978). We affirm.

Medley was a Corporal with the Patrol for over twenty-four years. His entire career has been with Troop C located in St. Charles County, Missouri. The Patrol is a statewide law enforcement agency created and organized under Chapter 43.

On May 15, 1981, Medley was informed his rank of Corporal was being reduced to Trooper First Class. On June 12, 1981, Medley was formally charged with six offenses stemming from the allegations he received a transaxle as a gift from Goodfellow Auto Salvage (Goodfellow) in O'Fallon, Missouri, and he falsified Patrol records on Department of Revenue (DOR) form 551.

On May 18, 1981, Medley requested a Patrol disciplinary board (board) convene pursuant to § 43.150 to hear charges against him. A hearing was conducted on June 25, 1981. The board consisted of Captain Engelhart, Lieutenant Hampton, Sergeant Stufflebean, Corporal Leonard and Trooper Hines. Evidence was presented by both sides. At the close of the evidence, the board voted unanimously the charges against Medley were true and upheld the disciplinary action taken against Medley. However, no written findings of fact and conclusions of law were made.

On July 27, 1981, Medley petitioned for judicial review in the circuit court of St. Charles County pursuant to Chapter 536. On April 18, 1983, the circuit court made findings of fact and conclusions of law determining Chapter 536 was not applicable to Medley's case and noted the board made reasonable findings as there was competent and substantial evidence on the whole record to support the alleged violations of Chapter 43 and the General Orders.

Medley appealed and our court, in *Medley v. Missouri State Highway Patrol*, 672 S.W.2d 169 (Mo.App.1984), reversed and remanded granting Medley appellate review provided under Chapter 536 and directed

the board to comply with § 536.130 by providing an adequate record for review. Additionally, Medley sought an interlocutory order for reinstatement and back pay pending final decision which was granted on August 7, 1985, by the circuit court.

On September 4, 1985, the board reconvened to hear any additional evidence and to make findings of fact and conclusions of law. No additional evidence was presented. The board's composition changed in two respects: (1) some of the members had received promotions during the passage of time between the original hearing and the reconvening and thus were a higher rank than they were at the initial hearing; and (2) Captain Darnell replaced Major Englehart (a captain at the original hearing) who had been hospitalized due to a heart attack. On September 11, 1985, the board submitted its findings of fact and conclusions of law confirming its earlier decision finding all charges against Medley true and sufficient to warrant his demotion from Corporal to Trooper.

Medley appealed this decision to the circuit court. The cause was heard on November 4, 1987. The circuit court issued its judgment on September 20, 1988, upholding the decision of the board. The circuit court made its own findings of fact and conclusions of law finding there was competent and substantial evidence to support the board's decision and also vacated its earlier order of reinstatement and back pay.

Medley now appeals the circuit court's judgment contending error in its affirmance of the board's decision because the decision was not supported by substantial and competent evidence and because the reconvened board did not consist of its original members and the membership of the reconvened board did not comply with § 43.150.

Our standard of review has been aptly set forth in *Gamble v. Hoffman*, 732 S.W.2d 890, 892 (Mo.banc 1987):

> Judicial review of administrative factual determinations is limited to whether the decision was supported by substantial and competent evidence, to whether the decision was arbitrary, capricious, or unreasonable, or to whether the [board's] action constituted an abuse of discretion.... The evidence is to be viewed in a light most favorable to the [board's] decision.... If the evidence supports either of two contrary conclusions, the [board's] decision must prevail.... The reviewing court may not substitute its own judgment and ... may not set aside the [board's] decision unless clearly contrary to the overwhelming weight of the evidence. (Citations omitted.)

■ Medley's duties as a Patrolman included inspecting the public and police vehicle identification numbers (VINs) on vehicles for alterations, missing numbers and checking the VINs through the computer to determine if the vehicle is stolen. Upon completion of the inspection, Medley was to file with the Patrol a DOR form 551 verifying the public and police VINs had been run through the computer and not discovered stolen.

Although Medley was stationed at Troop C in St. Charles, he inspected and filed DOR forms on vehicles owned by "G" Auto Sales in Osage Beach, located in another troop. Many of these vehicles were rebuilt from other vehicle parts. Medley's supervisors and he were aware "G" Auto Sales was suspected of dealing with vehicles rebuilt from stolen parts. Medley's supervisors questioned him about verifying VINs on rebuilt vehicles from such a long distance. Medley explained he had been asked to check the vehicles from "G" Auto Sales as a favor to the operators of Goodfellow (an auto salvage located in his troop). Goodfellow sells salvaged vehicles to the owner of "G" Auto Sales. Medley also explained because the documents on the rebuilt vehicles appeared to be in order, he signed the verification forms as a favor to the operators of Goodfellow even though he had not checked the VINs through the computer to see if they were stolen. Further, Medley admitted he only checked the public VIN (located on the dashboard) even though he indicated on the DOR form he had checked the police VIN (located on individual parts of the vehicle). Four of

the vehicles which Medley filed a DOR form verifying he had checked the VINs for stolen were found to have been rebuilt with stolen parts. Two of these vehicles were owned by "G" Auto Sales.

Additionally, Medley was questioned as to whether he received any gratuity or compensation from Goodfellow for his favors. He denied he had received any gratuity; however, he admitted he received a windshield wiper part for no charge, had only paid a few dollars for two wheels and had obtained a transaxle for his daughter's Volkswagen for which he owed $200 but could pay when he had the money.

Pursuant to an investigation by the Patrol pursuant to Medley's actions, Mr. Neumann, owner of Goodfellow, was contacted. Goodfellow's records had a ticket made out to "Highway Patrol" with "Corporal Medley" in parenthesis after it. However, the ticket indicated no amount charged or paid. Neumann stated Medley paid for the transaxle and owed nothing. Further, Highway Patrol Troop C does not have a Volkswagen assigned to it.

Originally, Medley stated he owed $200 on the transaxle. At the hearing he testified the transaxle was his daughter's and she was responsible for making payments. He testified Goodfellow charged him a little over $100 for the transaxle. An employee at Goodfellow valued the transaxle at $600–700. Although Medley received the transaxle in November, 1980, no payments were made until approximately May, 1981, a month prior to the hearing.

The charges against Medley alleged he accepted a gift while a member of the Patrol in violation of §§ 43.060, 43.140 and 43.150 and he falsified DOR form 551 by not checking the police VIN and verifying he had checked the vehicle for stolen in violation of § 43.140 and General Orders 3–1–20, Item 3–B–1, B–4 and B–9 and 3–2–134, Item 2–B–4. Clearly there was substantial and competent evidence for the board to determine these allegations against Medley were true. This point is without merit.

Medley also alleges the reconvened board did not consist of its original members and the membership of the reconvened board did not comply with § 43.150.

Section 43.150 provides "The board shall be composed of one captain, one lieutenant, one sergeant, one patrolman, and one other member of the patrol, of the same rank as the accused member...." This requirement was complied with at the original hearing on June 25, 1981. However, because of the length of time between the original hearing and the reconvened hearing on September 4, 1985, several board members had been promoted and thus their rank had changed.

■ Our court in *Medley*, 672 S.W.2d at 171, remanded this case directing the Patrol to comply with § 536.130 and complete the record for review. The cause was not remanded for new trial. Further, no new evidence was presented at the reconvened hearing. As such, we find no prejudice to Medley simply because some of the members' ranks had changed since the original hearing. *See State ex rel. Powell v. Wallace*, 718 S.W.2d 545, 548 (Mo.App.1986).

Medley also alleges error because all the original board members did not reconvene on September 4, 1985. Captain Darnell replaced Major Englehart who had been hospitalized due to a heart attack.

■ The board stated in its findings of fact and conclusions of law, "As a replacement member of the disciplinary appeal and review board I [Captain Darnell] have reviewed the facts and conclusions and transcript of the proceedings." It is not necessary a member of the agency who participates in the decision shall have participated in the hearing, but he may act officially on the basis of the written record alone. *Schrewe v. Sanders*, 498 S.W.2d 775, 778 (Mo.1973). Thus, Medley was not prejudiced by Captain Darnell not being present at the original hearing where Captain Darnell clearly reviewed the written record.

Additionally § 43.150 only requires a majority decision of the five-member board. Here, the board's vote was unanimous. Thus, even if Captain Darnell's vote were omitted, there was a sufficient number of

votes to render a valid decision. This point is without merit.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.