Robert RUFFIN, Appellant,

v.

CITY OF CLINTON, Missouri, Respondent.

No. WD 45915.

Missouri Court of Appeals, Western District.

Jan. 26, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 2, 1993.

Application to Transfer Denied April 20, 1993.

John Wray Kurtz, Kansas City, for appellant.

James Dennis Conkright, Overland Park, KS, for respondent.

Before TURNAGE, P.J., and
BRECKENRIDGE and HANNA, JJ.

HANNA, Judge.

The appellant, a Clinton, Missouri, police officer, appeals his demotion from sergeant to patrolman and two suspensions of five and two days each.  The Circuit Court of

Cole County upheld the decision of the City Council of Clinton, Missouri (City Council).

In July 1988, the Chief of Police demoted and suspended police officer Robert Ruffin. Appellant Ruffin requested and received a hearing with the Clinton City Personnel Merit Board (Merit Board) on August 4, 1988. On August 5, 1988, the non-lawyer chairman of the Merit Board prepared findings of fact. No conclusions of law were drawn. The findings were adopted by the City Council on August 10, 1988. Appellant filed a petition for review in the Circuit Court of Cole County pursuant to the Missouri Administrative Procedure Act.

This case languished in the Cole County court for nearly two years during which time appellant claimed that one sentence of the hearing transcript had been deleted. That claim was eventually resolved when appellant's expert confirmed that the hearing tape was correct. On October 3, 1990, the circuit court issued its order reversing the City Council because the findings of fact and conclusions of law were insufficient to support the decision. The case was remanded for further proceedings. On remand, the City Council instructed the city attorney to prepare more complete findings and to add the conclusions of law. The reissued findings and conclusions were adopted by the City Council on October 16, 1990, and forwarded directly to the Cole County Circuit Court. A new Petition for Review was not filed by the appellant. Subsequently, the circuit court affirmed the decision of the City Council.

Mr. Ruffin argues that a second hearing took place which was unilateral and ex parte. He claims this second hearing violated a multitude of due process safeguards, including the requirement that different persons conduct the second hearing;[1] that the City Council failed to give the plaintiff statutory notice;[2] that no oaths or affirmations were administered; that evidence was improperly received in that the exhibits referred to in the findings of fact were not marked, offered or re-

ceived in evidence;[3] and that there was no indication that, on remand, all of the city council members had heard and considered all of the evidence.[4]

The court's review is limited to a determination of whether the action of the Merit Board is supported by substantial evidence, violates the provisions of any law, or is otherwise arbitrary and/or an abuse of discretion. *Sowder v. Board of Police Com'rs*, 553 S.W.2d 525, 527 (Mo. App.1977). To accomplish a review within the requirements of the law requires complete findings of fact and conclusions of law. Because the trial court did not consider the findings complete in order to rule on these issues, it was obligated to remand the case for that purpose. *Anderson v. Missouri Clean Water Com.*, 675 S.W.2d 115, 117 (Mo.App.1984).

The original findings drawn by the City Council were conclusionary and of a very general nature in describing the evidence of the violations. It was these findings and conclusions that appellant Ruffin attacked when he filed his petition for review and motion to dismiss the findings of fact in the circuit court. Mr. Ruffin's motion was sustained and the court's remand order reversed the decision of the City Council "... on the basis that there were insufficient findings of fact and conclusions of law to support the decision." The matter was remanded to the City Council for further proceedings. The City Council understood the court's order to mean that the original findings of fact were not sufficient to support its decision. The court's remand order was entered on October 3, 1990, and on October 16, the City Council entered more complete findings of fact and conclusions of law.

The court's remand was proper because a meaningful review of the case is frustrated by inadequate, abbreviated and incomplete findings of fact, which are mandated by § 536.090. This requirement was dis-

---

1. § 536.083 RSMo Supp.1989.

2. § 536.067 RSMo 1986.

3. § 536.070 RSMo 1986.

4. § 536.080 RSMo 1986.

cussed in *Century State Bank v. State Banking Bd.*, 523 S.W.2d 856 (Mo.App. 1975). The circuit court's obligation to provide meaningful review of the case cannot be accomplished in the absence of specific findings of fact. *Webb v. Board of Police Com'rs*, 694 S.W.2d 927, 928 (Mo.App. 1985).

■ The court's remand order may be interpreted to authorize the Board to reopen the hearing and have additional evidence presented or, otherwise, for the Board to formulate findings of fact and conclusions of law based on the evidence already presented to it. *Century State Bank*, 523 S.W.2d at 861. The respondent Board chose not to have a further hearing, but rather to restate its findings and conclusions with more specificity and completeness. There was not a second hearing on October 16, 1990, where evidence was taken. The record does not support this allegation as there is no evidence to suggest a hearing was held and appellant's arguments to the contrary are not persuasive. It is apparent that the City Council met only to decide whether the findings and conclusions were correct and to sign off on them. Therefore, the question is whether the findings made on October 16 are supported by substantial evidence of the August 3, 1988 hearing. We do not reach the issue of whether these procedural safeguards were denied petitioner Ruffin in a second hearing because a review of the agency's hearing record leaves us with the unmistakable position that a second hearing did not occur. Therefore, appellant's first point, that a second hearing was held which abrogated his due process rights, is denied.

Three of the appellant's points on appeal are directed to the hearing before the Merit Board claiming his constitutional rights were denied citing various examples. First, appellant argues that no oath or affirmation was administered to any of the witnesses. Section 536.070 states that "[o]ral evidence shall be taken only on oath or affirmation." The record indicates that the evidence was presented without the witnesses being sworn. Appellant argues this violated a procedural requirement but makes no further argument nor provides any case citation. Appellant does not explain his failure to make argument or produce case law as required by Rule 84.04(d) & (e). *See Price v. American Bank of St. Louis*, 793 S.W.2d 593, 598 (Mo.App.1990). We consider the point abandoned.[5]

■ There were a number of records and documents used in the hearing below. It is apparent that the findings of fact made by the City Council are based, at least in part, on those documents and records. None of the documents were identified, offered or received in evidence. This informality is not a practice to be encouraged because for a reviewing court, whether the circuit or appellate court, it presents a fragmentary and incomplete picture of the evidence. Such informality makes it most difficult for a reviewing court to obtain a clear understanding of the facts and the practice should be discouraged. *McIntyre v. McIntyre*, 377 S.W.2d 421, 423 (Mo.1964). This is true even though, as in our case and in *McIntyre*, neither party objected to this procedure. *Id.* at 423.

■ The plaintiff complains in this court that evidence was improperly received because "[r]ecords and documents of the agency which are to be considered in the case shall be offered in evidence so as to become a part of the record...." § 536.070(5). It is not reversible error in this case because the very party complaining that these documents were not marked and offered into evidence was the party who questioned the witness about them. The vast majority of all the evidence came from questions from Mr. Ruffin's attorney (a different attorney than his attorney on appeal). The witnesses testified from the documents upon questions by appellant's attorney. No objection was made. Documents prepared by another person are frequently hearsay. When they are not ob-

5. We also note that Mr. Ruffin's counsel was present at all times during the hearing and made no objection that witnesses testified without benefit of oath or affirmation.

jected to, they may be considered for whatever they are worth. *Mills v. Federal Soldiers Home,* 549 S.W.2d 862, 867 (Mo. banc 1977). *Mills* was an administrative agency proceeding before the personnel advisory board considering Mr. Mills' employment with the Soldiers Home. Hearsay testimony was received without objection. For support, the court cited § 536.070(8): "Any evidence received without objection which has probative value shall be considered by the agency along with other evidence in the case."

Therefore, the information contained in these documents and reports was received in evidence by way of oral testimony, without objection, although the documents were not identified, marked or offered in evidence. The evidence has probative value sufficient to sustain the agency's findings and decision.

The appellant next claims that § 536.-080.2 requires that each official of an agency who renders or joins in rendering a final decision shall, prior to such final decision, either hear all the evidence, read the full record including all the evidence, or personally consider portions of the record cited or referred to in the arguments or briefs. Appellant claims there was no certification that this happened.

▮ Appellant does not suggest there was a change of membership in the administrative body on remand. We will not assume that the City Council was different on remand than on the date when the evidence was heard. Nor will we assume that on remand, if the membership of the City Council was different, that each new member did not comply with the requirements of § 536.080. Change of membership in the administrative body is not alone sufficient to nullify a remanded decision by that body. *Medley v. Missouri State Highway Patrol,* 776 S.W.2d 405, 408 (Mo.App.1989). In this case, just as in *Medley,* there was no new evidence presented at the reconvened hearing. Therefore, there was no prejudice to Ruffin even if some of the City Council had changed. In *State ex rel. Powell v. Wallace,* 718 S.W.2d 545 (Mo.App. 1986), the court considered facts very close to those in this case. The trial court vacated the city council's original decision because the council failed to issue written findings of fact and conclusions of law. *Id.* at 547. The cause was remanded. In the meantime, a municipal election had taken place and the council was no longer composed of the same members who participated in the original hearing. Nevertheless, the reconstituted council submitted a written decision, including findings of fact and conclusions of law, with the same result. The court held that they complied with the dictates of § 536.080.2. *Id.* at 549.

In this case, we reach the same result. The findings of fact and conclusions of law were made by the City Council as its membership was constituted on October 16, 1990. In the City Council's decision, it stated that "these findings are based upon a review of the full written record and evidence before the Board and Chief." The requirements of § 536.080.2 were satisfied.

Appellant next contends his constitutional rights of due process of law were violated by the manner in which his claim was processed. Without repeating each of his allegations of error, this claim of denial of due process rights simply rehashes the complaints already made and decided adversely to him. His complaints primarily focus on the due process rights denied to him because of the "second hearing." We have dealt with each of the charges made and found them lacking in substance. There was no second hearing. To the extent his due process rights were violated because the documents were not marked and introduced, or that no oath or affirmation was administered, the appellant has raised the issue for the first time on appeal and has waived them. *Gaslight Real Estate, Corp. v. Labor & Indus. Relations Com.,* 604 S.W.2d 818, 820–21 (Mo.App. 1980).

In his final point, the appellant complains that the findings of fact and conclusions of

law are insufficient because of the agency's reliance on hearsay testimony and its reference to the city merit ordinance and regulations which were not made a part of the evidence. With respect to the "hearsay" testimony, appellant's attorney made a hearsay objection during the direct examination of the chief of police. The chief of police testified that he was not employed by the city before October 1986. At this point, counsel objected to all mention of events that occurred and reports made before October 1986, because the police chief did not have firsthand knowledge of the events.

■ Most administrative hearings are conducted in an atmosphere much less formal than proceedings before the courts. Such proceedings, however, are bound by basic evidentiary limits. *Dickinson v. Lueckenhoff,* 598 S.W.2d 560, 563 (Mo.App. 1980). Following the hearsay objection, appellant's counsel directed his objection to testimony by the police chief of an arrest by Mr. Ruffin without probable cause. The police chief's testimony concerning Mr. Ruffin's arrest of an individual without probable cause is located in the transcript a few pages before the objection. The testimony concerned an arrest that occurred June 10, 1987, a time within the employment of the witness with the police department. If the hearing objection was designed to prohibit that testimony, it was of no avail since the objection was directed specifically to testimony of events before October 1986.

■ The police chief testified from documents prepared by him and other members of the police department. Appellant argues the objection was directed to the documents prepared before October 1986, but we are unable to make that determination. At the time of the objection, the witness was not discussing any particular

records. The objection was made in the abstract and was made only once when the witness volunteered he was not with the police department before October 1986. It was never renewed. Counsel for the appellant was at the hearing and the documents were available to him. He was in a position to identify those records to which his hearsay objection may have been appropriate. He did not do this and we are not prepared to take a hearsay objection made abstractly and apply it as appellant, in hindsight, now believes appropriate. The objection preserved nothing for review as it was neither timely [6] nor specific if it was meant to apply to documents and events which were unidentified and offered long before the objection was made. Appellant must make the basis of his objection reasonably apparent to the hearing body to allow it to take corrective action. *See, e.g., Brookman v. General Safety & Sec., Inc.,* 600 S.W.2d 100, 103 (Mo.App.1980). The evidence may be considered by the finder of fact to have probative value. § 536.-070(8). We have painstakingly reviewed the City Council's findings of fact and the transcript of the hearing and found substantial evidence to support each finding. The point is denied.

■ Finally, the appellant contends that "[t]he trial court erred by overruling plaintiff's motion to strike the findings of fact and conclusions of law because they remain insufficient due to reliance" on the city merit ordinance and rules not offered or stipulated into evidence. Merit Ordinance 2599, § 105.050.3 is identified in the police chief's initial charge delivered to Mr. Ruffin and in the City Council's conclusions of law as: "Grounds for Action, (b) Acts of Incompetence, (e) Intentional Failure or Refusal To Carry Out Instructions, (f) Failure To Comply With Department Rules and Regulations Which Have Been Approved by the City Council." The City Council

6. It seems counsel was not aware of the witness' tenure with the police department until he asked the question. At the minimum, counsel was obligated to follow his objection with a motion to strike and to identify the offending testimony and records in order for the hearing body to be properly informed to make a ruling.

concluded that the evidence supported the decision that Mr. Ruffin violated the city merit ordinance. The record reveals that neither the city ordinance nor the city's regulations were offered or stipulated into evidence. Appellant correctly argues that we cannot take judicial notice of the city ordinance if it was not introduced into evidence or stipulated to by the parties.[7]

Mr. Ruffin was charged by the chief of police with violation of the city's rules and regulations, which were set out in writing in more than adequate detail. The police chief's decision to discipline culminated in appellant's activities on two dates, July 11 and 15, 1988. On the first date, it was charged that he failed to promptly respond to a call from the dispatcher when someone needed assistance. On the second date, Mr. Ruffin was alleged to have done an inadequate investigation of an automobile accident, failed to file his report timely, and the report he filed was incomplete. The evidence detailed numerous prior incidents when Mr. Ruffin filed incomplete reports, made inadequate investigations, and failed to render appropriate supervision by one holding the rank of sergeant. These violations were followed with individual counseling and on one occasion he was sent to a one-week supervisor's training program. Because of numerous prior problems with unsuccessful counseling, the decision was made to suspend and demote Mr. Ruffin. On July 28, 1988, the chief of police forwarded to Mr. Ruffin written notice informing him of the violations. This written notice set forth and quoted the rules violated, advised him of the suspensions of two and five days each, and advised him of his demotion from sergeant to patrolman. The written notification specifically documented that in November and December 1985, March 1986, and October 1987, Mr. Ruffin was deficient in his work.

The complaint that the ordinance and rules were not made a part of the evidence was not raised by appellant either before the Merit Board or before the circuit court. This is decisive. *Citro v. Lee's Summit*, 658 S.W.2d 86, 88–89 (Mo.App.1983). We have searched not only the petition for review but appellant's motion to dismiss and suggestions filed in support and we find no mention in any pleading before the trial court complaining of error that the City Council failed to introduce the merit ordinance or rules. The first reference to the ordinance and rules was on appeal. In his claim, Mr. Citro contended that the absence of the ordinance left no standard of conduct by which his actions were measured. *Id.* at 88 n. 4. In *Citro*, Judge Shangler framed the issue as to whether § 536.140 requires this court to decide ordinary administrative error not presented to the circuit court by a petition for review. The court held that judicial review is of preserved error only as defined in the initiating petition before the circuit court. *Id.* at 89. Because of the absence of a complaint before the circuit court, the point is not preserved for review in this court.

The decision of the Clinton City Council is affirmed.

All concur.

---

*Kilgore v. Linville*, 733 S.W.2d 62, 64–65 (Mo. App.1987).

**7.** A third method used to introduce the ordinance and/or the regulations may have been the city's ability to take official notice of all matters that the courts take judicial notice.

§ 536.070(6). This includes the agency's rules and regulations. *See Prokopf v. Whaley*, 592 S.W.2d 819, 823 (Mo. banc 1980). For various reasons, we choose not to decide the matter on this basis.