STATE ex rel. RIVERSIDE JOINT VEN-
TURE, et al., Respondents/Cross–Ap-
pellants,

v.

MISSOURI GAMING COMMISSION, et
al., Appellants/Cross–Respondents.

STATE ex rel. BOYD KANSAS CITY,
INC., Respondent/Cross–
Appellant,

v.

MISSOURI GAMING COMMISSION, et
al., Appellants/Cross–Respondents.

KANSAS CITY STATION CORPO-
RATION, Respondent/Cross–
Appellant,

v.

MISSOURI GAMING COMMISSION, et
al., Appellants/Cross–Respondents.

STATE ex rel. FLAMINGO HILTON
RIVERBOAT CASINO, L.P., et al.,
Respondents/Cross–Appellants,

v.

MISSOURI GAMING COMMISSION, et
al., Appellants/Cross–Respondents.

Nos. 80524, 80525, 80624, 80625.

Supreme Court of Missouri,
En Banc.

May 29, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., John R. Munich, Deputy Atty. Gen., Bruce Farmer, Alana M. Barragan-Scott, Asst. Attys. Gen., James R. Layton, Deputy Asst. Atty. Gen., Marshall Wilson, Counsel to Atty. Gen., Jefferson City, for Appellants/Cross-Respondents in Case No. 80524, 80525, 80624 & 80625.

Thomas W. Rynard, Harold L. Fridkin, James B. Duetsch, Jefferson City, Howard Paperner, Robert L. Devoto, St. Louis, for Respondents/Cross-Appellants in Case No. 80524.

Daniel Bukovac, Stanley D. Davis, N. Chris Walters, Stinson, Mag & Fizzell, P.C., Kansas City, for Respondents/Cross-Appellants in Case No. 80525.

Leonard Rose, Jed D. Reeg, Lewis, Rice & Fingersh, L.C., Kansas City, for Respondents/Cross Appellants in Case No. 80624.

Jerome D. Riffel, David V. Clark, Daniel L. McClain, Kansas City, for Respondents/Cross-Appellants in Case No. 80625.

PER CURIAM.

In *Akin v. Missouri Gaming Commission*, 956 S.W.2d 261 (Mo. banc 1997), this Court declared that article III, section 39(e) of the Missouri Constitution did not authorize games of chance in gambling facilities floating in artificial basins not "upon the Mississippi River and Missouri River."

Following this Court's decision in *Akin*, the Missouri Gaming Commission notified the respondents/cross-appellants, Riverside Joint Venture; Harrah's Maryland Heights, LLC; Harrah's Maryland Heights Corporation; Harrah's North Kansas City Corporation; Players MH, LP; Boyd Kansas City, Inc; and Kansas City Station Corporation (hereafter "license holders"), all of whom hold gaming licenses and all of whose facilities appear to violate the constitutional location limitations, that it would conduct hearings to determine whether each facility complied with the constitution. Apparently the purpose of the proposed hearing evolved until the Commission notified the license holders that it would consider whether to issue a preliminary order and take "appropriate action," section 313.812.14, RSMo 1994, against the license holders if the license holders' facilities did not operate within the location limitations imposed by article III, section 39(e). The "appropriate action" the Commission may take includes imposing penalty against a license holder, suspension of a license holder's gaming operation or revocation of a license holder's license to operate games of chance. SECTION 313.812.14.

Faced with these possibilities, the license holders brought actions for writs of prohibition in the Circuit Court of Cole County to prohibit the Commission from proceeding with its hearing. The license holders' petitions each claimed that the provisions of section 313.812.14, RSMo 1994, and the regulations adopted by the Commission violate due process under the Fourteenth Amendment to the United States Constitution and article I, section 10 of the Missouri Constitution. The

petitions also claimed that the Commission had no authority to impose sanctions for a violation of the constitution's location limitations under the "limited" authority granted the Commission under section 313.812.14. The City of Maryland Heights sought leave and was granted the opportunity to intervene in the case as a relator. The circuit court conducted a hearing and made its preliminary order in prohibition absolute. The circuit court determined that the Commission had jurisdiction to proceed to consider sanctions under section 313.812.14, but that the Commission could not conduct

> any proceeding against [license holders] for the imposition of penalties, or for non-renewal, amendment, suspension or revocation of [license holders'] licenses ... in which action or proceeding [license holders] are deprived of [their] right to an evidentiary hearing, or in which the burden of proof is imposed on [license holders] at an evidentiary hearing before the Commission presents evidence sufficient to make a prima facie case supporting such imposition of penalties, license nonrenewal, suspension or revocation....

The Commission, the license holders and the City of Maryland Heights appealed.

■ Cross-appellants Riverside Joint Venture; Harrah's Maryland Heights, LLC; Harrah's Maryland Heights Corporation; Harrah's North Kansas City Corporation and Players MH, LP, initially challenge this Court's jurisdiction. They claim that the trial court's order found only that the regulations, not the statute, violated the constitution and that our exclusive appellate jurisdiction is limited to cases involving the constitutionality of statutes. Mo. CONST. ART. V, SEC. 3. Two cross-appellants, Kansas City State Corporation and Boyd Kansas City, however, assert in their notice of appeal and in their cross-appellants' briefs before this Court that section 313.812.14 violates due process: "The trial court erred in finding that section 313.812.14 ... was constitutional." Br. of Cross–Appellant Kansas City Station Corporation at 11, 40–44. "The Circuit Court erred in upholding the provisions of section 313.812.14 ... because ... imposing a clear and convincing

standard ... violates due process guarantee [sic]." Br. of Cross–Appellant Boyd Kansas City, Inc., at 9, 35–37. In addition, all of the license holders' petitions challenge the validity of section 313.812.14. Thus, all of these appeals raise issues that involve the constitutional validity of a statute of this state. The constitution assigns us exclusive jurisdiction over those appeals. Mo. CONST. ART. V, SEC. 3.

The writs of prohibition made permanent by the trial court are quashed.

## I.

We first consider certain license holders' and Maryland Heights' claims that section 313.812.14 does not permit the Commission to impose any sanction against them for a violation of the location provisions of article III, section 39(e). If the Commission does not have authority to impose sanctions for this violation under the statute, prohibition is the appropriate remedy to prohibit the Commission from proceeding to hearing. *State ex rel. United States Steel v. Koehr,* 811 S.W.2d 385, 388 (Mo. banc 1991).

The license holders claim that prior to this Court's decision in *Akin* the Commission determined that it would license floating facilities in artificial basins not upon the Mississippi River or Missouri River but within 1000 feet of one of those rivers and that that criteria changed with *Akin.* Thus, they characterize the Commission's action not as a section 313.812.14 sanction but as the imposition of a change in licensing criteria that the Commission may pursue, if at all, only under section 313.807, RSMo 1994.

■ It is true, as the license holders assert, that administrative agencies have only those powers expressly conferred or reasonably implied by statute. *Bodenhausen v. Missouri Board of Registration for the Healing Arts,* 900 S.W.2d 621, 622 (Mo. banc 1995). Section 313.812.14 provides in part pertinent to the issue in this case:

> A holder of any license shall be subject to imposition of penalties, suspension or revocation of such license ... for any act or failure to act ... that is injurious to the public health, safety, morals, good order

and general welfare of the people of the state of Missouri.... The Commission shall take appropriate action against any licensee who violates the law.... Without limiting other provisions of this subsection, the following acts or omissions may be grounds for such discipline:

(1) Failing to comply with ... any ... state law....

The interpretation of section 313.812.14 the license holders propose suggests that the statute only applies to acts (or failures to act) committed in contravention of their licenses. The plain language of the statute does not support that interpretation. Instead, the statute permits the Commission to impose sanctions if a license holder fails to comply with any state law.

Our constitution begins by noting that "all political power is vested in and derived from the people" and that "all government ... is instituted solely for the good of the whole." MO. CONST. ART. I, SEC. 1. Further, "all constitutional government is intended to promote the general welfare of the people." MO. CONST. ART. I, SEC. 2. When the voters adopted article III, section 39(e), they determined that the welfare of the people is served by permitting games of chance "only upon the Mississippi River and Missouri River."

Section 313.812.14(1) permits the Commission to impose discipline for "[f]ailing to comply with ... any ... state law...." Compliance with the law is not determined as a snapshot, frozen for the life of a license. Compliance is a continuing obligation, measured moment by moment. Gaming facilities that are not "upon the Mississippi River and Missouri River" were not and are not in compliance with the supreme law of Missouri, the constitution. The fact that the Commission permitted and the license holders proceeded to erect gaming facilities hoping that this Court would read the language of article III, section 39(e), to mean something other than what it plainly says does not relieve the license holders of the continuing obligation to comply with the constitution.

Section 313.812.14(1) authorizes the Commission to impose sanctions whenever it determines that an act of a license holder does not comply with the law. Such an act includes the act of erecting and the continuing act of operating a gaming facility where the constitution does not permit it.

 Prohibition is a powerful writ, divesting the body against whom it is directed to cease further activities. For this reason we have limited the use of prohibition to three, fairly rare, categories of cases. *State ex rel. Noranda Aluminum, Inc. v. Rains*, 706 S.W.2d 861, 862–63 (Mo. banc 1986). First, prohibition lies where a judicial or quasi-judicial body lacks personal jurisdiction over a party or lacks jurisdiction over the subject matter the body is asked to adjudicate. Second, prohibition is appropriate where a lower tribunal lacks the power to act as contemplated. Third, prohibition will issue in those very limited situations when an "absolute irreparable harm may come to a litigant if some spirit of justifiable relief is not made available to respond to a trial court's order," *State ex rel. Richardson v. Randall*, 660 S.W.2d 699, 701 (Mo. banc 1983), or where there is an important question of law decided erroneously that would otherwise escape review on appeal *and* the aggrieved party may suffer considerable hardship and expense as a consequence of the erroneous decision. *Noranda*, 706 S.W.2d at 862–3; *State ex rel. Chassaing v. Mummert*, 887 S.W.2d 573, 577 (Mo. banc 1994).

 As we have previously concluded, the Commission has subject matter authority to consider a license holder's failure to comply with the law. In addition, the Commission has the authority to act in furtherance of that power. Its consideration of the issues raised in its notice to the license holders is within the grant of authority to the Commission in section 313.812.14. As to the third *Noranda* category, the Commission has the authority to make a mistake of law in its deliberations and decision provided that decision does not irreparably harm a party. Section 536.100, RSMo 1994, permits judicial review of a decision of the Commission. Any decision of the Commission may be stayed on appropriate grounds either by the Commission or by a reviewing court pending review. SECTION

536.120, RSMo 1994. These safeguards avoid irreparable harm to a license holder receiving an adverse decision of the Commission and make prohibition an improper remedy under these circumstances. The trial court's decision to employ prohibition to pretermit the Commission's consideration of the issues before it on due process grounds falls outside the recognized purposes for a writ of prohibition. The trial court erred in making its preliminary writ of prohibition absolute.

As a secondary argument, the license holders rely on *Farm Bureau Town & Country Ins. Co. v. Angoff*, 909 S.W.2d 348 (Mo. banc 1995), for the proposition that they need not exhaust the administrative remedy provided for by the statute, "[w]here there is a constitutional challenge to the statute which forms the ***only*** basis for granting declaratory judgment." *Farm Bureau*, 909 S.W.2d at 353. The license holders' reliance on *Farm Bureau* is incorrect for two reasons. First, the remedy sought and granted by the trial court here was a writ of prohibition, not a declaratory judgment. A writ of prohibition is an extraordinary writ and, therefore, a much narrower remedy than a declaratory judgment. ***See*** *Noranda, supra.* Second, the license holders do not concede that their facilities are not on the Missouri or Mississippi River. The Commission may yet find that factual issue in favor of the license holders, making the constitutional questions moot. "The constitutionality of the statute will not be decided unless essential to a disposition of the case.... Constitutional issues ... may be preserved and raised during the judicial review portion of the administrative proceeding." *Farm Bureau*, 909 S.W.2d at 353. This case does not present one of the "exceptional circumstances" in which a party may bypass the administrative process. *Id.*

Finally, Maryland Heights advances the novel theory that because the plaintiff in *Akin* dismissed his cause of action following the issuance of this Court's mandate in *Akin*, this Court's holding in that case is of no effect and a nullity.

*Akin* began as a declaratory judgment action filed pursuant to chapter 527, RSMo 1994. Section 527.010, RSMo 1994, gives the courts of this state "the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." This Court's decision in *Akin* finally decided the meaning and extent of the limitations placed on the general assembly by the people through their constitution and declared that the general assembly's attempt to define "upon the ... River" to include any area within 1000 feet of the river, section 313.800.1(16), RSMo 1994, violated article III, section 39(e). *Akin* at 263. With that declaration, the Court entered the judgment the trial court should have given, Rule 84.14, and remanded the case to the trial court to determine what, if any, further actions were needed to address the remaining issues in plaintiff's lawsuit. For reasons to which we are not privy, the plaintiff decided not to pursue any remedy this Court's decision in *Akin* might have afforded him, being content with the declaration of law made by this Court in that case. Pursuant to section 527.010 and Rule 84.14, this Court's declaration in *Akin* decides the legal point raised in the declaratory judgment action plaintiff filed there, whether or not the plaintiff sought an additional remedy.

## II.

The writs of prohibition previously entered by the Circuit Court of Cole County are quashed.

BENTON, C.J., LIMBAUGH, ROBERTSON, COVINGTON, WHITE and HOLSTEIN, JJ., and MONTGOMERY, Special Judge, concur.

PRICE, J., not sitting.