STATE of Missouri ex rel. AG PROCESSING INC., Friskies Petcare Division of Nestle, Inc., Wire Rope Corporation of America, Inc. and City of Riverside, Missouri, Respondents,

v.

Kevin A. THOMPSON, A Regulatory Law Judge of the Missouri Public Service Commission, Appellant.

No. WD 61514.

Missouri Court of Appeals, Western District.

April 1, 2003.

---

Ronald Molteni, Jefferson City, MO, for Appellant.

Stuart W. Conrad, Kansas City, MO, for Respondents.

Before THOMAS H. NEWTON, P.J., ROBERT G. ULRICH and EDWIN H. SMITH, JJ.

ROBERT G. ULRICH, Judge.

Kevin A. Thompson (Appellant), Regulatory Law Judge of the Missouri Public Service Commission (PSC), appeals from the circuit court's judgment granting a permanent writ precluding him from conducting any further proceedings in Case No. WR–2000–281 currently before the PSC. Appellant claims that the circuit court erred in issuing the writ of prohibition because (1) prohibition was not appropriate in this case, and (2) section 536.083, RSMo 2000, the statute on which the circuit court based its judgment, does not apply to the underlying PSC case. The judgment of the circuit court is reversed, and the cause is remanded to the circuit court with directions.

The litigation giving rise to this action is a water rate case before the PSC, Case No. WR–2000–281. AG Processing, Inc., Friskies Petcare Division of Nestle, Inc., Wire Rope Corporation of America, Inc., and City of Riverside, Missouri, (Respon-dents/Relators) are parties to the underlying case. On August 31, 2000, the PSC issued a Report and Order in the case. Thereafter, Respondents/Relators and others filed applications for rehearing before the PSC, which the PSC denied. Respondents/Relators and others then filed application for a writ of review under section 386.510, RSMo 2000, before the circuit court.

The circuit court entered its judgment on October 3, 2001, affirming in part and reversing in part the PSC's Report and Order and remanding the case to the PSC for adequate findings of fact and conclusions of law by the PSC. Respondents/Relators appealed the circuit court's judgment to this court, the appeal was dismissed as not final and appealable.

Thereafter, the PSC issued an order requiring the parties to set out their suggestions on how the PSC should proceed on the remanded issues and setting a prehearing conference for March 28, 2002. On March 15, 2002, Respondents/Relators filed with the PSC what they styled an "Application for Rehearing" objecting to Appellant's continuing to serve as the Regulatory Law Judge assigned to the case. They claimed that section 536.083, RSMo 2000, barred Appellant from any further activity in the matter following remand from the circuit court.

The PSC issued an order denying Respondents/Relators "Application for Rehearing" on March 28, 2002. On the same day, the prehearing conference was held with Appellant presiding. The parties discussed whether the PSC should hold a hearing to take additional evidence. Appellant advised the parties that he would submit the question to the PSC. The record does not contain a decision by the PSC on how to proceed in the case, and Appel-

lant contends in his brief that such decision has not yet been issued.

On April 3, 2002, Respondents/Relators filed a petition for writ of prohibition, or in the alternative, mandamus in the circuit court to prohibit Appellant from continuing to conduct proceedings in the underlying case before the PSC. Finding that section 536.083 prevents Appellant's continued service as hearing officer in the underlying case, the circuit court entered its judgment permanently prohibiting Appellant from conducting any further administrative proceedings in Case No. WR–2000–281. This appeal followed.

On appeal, Appellant claims that a writ of prohibition is not appropriate in this case and that, even if it is appropriate, section 536.083 does not apply to bar his further participation in this case.

▆▆▆ The power to issue a writ of prohibition is limited to correction or limitation of an inferior court or agency that is acting without, or in excess of, its jurisdiction. *State ex rel. Premier Mktg., Inc. v. Kramer*, 2 S.W.3d 118, 120 (Mo.App. W.D. 1999). A writ of prohibition does not issue as a matter of right, and whether a writ should be issued in a particular case is a question left to the sound discretion of the court to which the application is made. *Id.* The discretionary authority of a court to issue a writ of prohibition is exercised when the facts and circumstances of a particular case demonstrate unequivocally that an extreme necessity for preventative action exists. *Id.* A writ of prohibition is an extraordinary remedy and should be used with "great caution, forbearance, and only in cases of extreme necessity." *Id.* (quoting *Mo. Dep't of Soc. Servs. v. Ad-*

*min. Hearing Comm'n*, 826 S.W.2d 871, 873 (Mo.App. W.D.1992)).

▆▆▆ The Missouri Supreme Court has identified three situations in which writs of prohibition will issue. *State ex rel. Riverside Joint Venture v. Mo. Gaming Comm'n*, 969 S.W.2d 218, 221 (Mo. banc 1998). First, a writ of prohibition will issue where a judicial or quasi-judicial body lacks personal jurisdiction over a party or lacks jurisdiction over the subject matter the body is asked to adjudicate. *Id.* Second, prohibition lies where a lower tribunal lacks the power to act as contemplated. *Id.* Third, prohibition will issue in those very limited situations when an "absolute irreparable harm may come to a litigant if some spirit of justifiable relief is not made available to respond to a trial court's order"[1] or where an important question of law decided erroneously would otherwise escape review on appeal and the aggrieved party may suffer considerable hardship and expense as a consequence of the erroneous decision. *Id.*

▆▆▆ The PSC is an administrative body created by statute and has only such powers as are expressly conferred by statute and reasonably incidental thereto. *Union Elec. Co. v. Pub. Serv. Comm'n*, 591 S.W.2d 134, 137 (Mo.App. W.D.1979). The procedural due process requirement of fair trials by fair tribunals applies to an administrative agency acting in an adjudicative capacity. *Fitzgerald v. City of Maryland Heights*, 796 S.W.2d 52, 59 (Mo.App. E.D. 1990) (citing *Withrow v. Larkin*, 421 U.S. 35, 46, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712, 723 (1975)). Thus, administrative decision-makers must be impartial. *Id.* Officials occupying quasi-judicial positions are held to the same high standard as apply to

---

1. *Id.* (quoting *State ex rel. Richardson v. Randall*, 660 S.W.2d 699, 701 (Mo. banc 1983)).

judicial officers in that they must be free of any interest in the matter to be considered by them. *Union Elec.*, 591 S.W.2d at 137. A presumption exists that administrative decision-makers act honestly and impartially, and a party challenging the partiality of the decision-maker has the burden to overcome that presumption. *Burgdorf v. Bd. of Police Comm'rs,* 936 S.W.2d 227, 234 (Mo.App. E.D.1996). A judge or administrative decision-maker is without jurisdiction, and a writ of prohibition would lie, if the judge or decision-maker failed to disqualify himself on proper application. *State ex rel. Ladlee v. Aiken,* 46 S.W.3d 676, 678 (Mo.App. S.D. 2001); *State ex rel. White v. Shinn,* 903 S.W.2d 194, 196 (Mo.App. W.D.1995).

▆ Appellant contends that Respondents/Relators failed to exhaust their administrative remedies by filing a motion to disqualify under 4 CSR 240–2.120(2) (2000). The PSC regulations provide a procedure for disqualifying a presiding officer. Four CSR 240–2.120(2) provides:

> Whenever any party shall deem the presiding officer for any reason to be disqualified to preside, or to continue to preside, in a particular case, the party may file with the secretary of the commission a motion to disqualify with affidavits setting forth the grounds for disqualification. A copy of the motion shall be served by the commission on the presiding officer whose removal is sought and the presiding officer shall have seven (7) days from the date of service within which to reply.

In this case, after the case was remanded to the PSC and the PSC issued its order requiring the parties to file suggestions on how the PSC should proceed on remand, Respondents/Relators filed what they styled an "Application for Rehearing" objecting to Appellant's continuing to serve as the presiding officer assigned to the case. They claimed that section 536.083 barred Appellant from any further participation in the case. The PSC considered the issue and denied Respondents/Relators application on March 28, 2002, finding that the statute did not apply in this case. Although designated an "Application for Rehearing," Respondents/Relators' motion was effectively a motion to disqualify Appellant. A pleading is judged by its subject matter not its caption. *Worley v. Worley,* 19 S.W.3d 127, 129 (Mo. banc 2000). The motion presented the issue of Appellant's continued qualifications to preside over the case, and the PSC considered the issue.

▆ Appellant also contends that Respondents/Relators failed to exhaust their administrative remedies by appealing the PSC's March 28, 2002, order under section 386.500, RSMo 2000 (rehearing before commission), or section 386.510, RSMo 2000 (petition for writ of review). The right to prohibition is not necessarily based on the inadequacy of relief provided by appeal. *Union Elec.,* 591 S.W.2d at 138 n. 2. Where a presiding officer is wholly lacking in jurisdiction to hear a case, an appeal is not an adequate remedy because any action by the officer "is without authority and causes unwarranted expense and delay to the parties involved." *State ex rel. T.J.H. v. Bills,* 504 S.W.2d 76, 79 (Mo. banc 1974); *See also Union Elec.,* 591 S.W.2d at 138 n. 2. Thus, a petition for writ of prohibition is a proper way to challenge an administrative decision-maker's participation in a case. *Union Elec.,* 591 S.W.2d at 138–40 (challenging PSC member's qualifications to participate in case).

▆ Prohibition did not properly lie in this case, however. Section 536.083 does not deprive Appellant of jurisdiction to continue to preside over Case No. WR–2000–281 on remand from the circuit court. Section 536.083 provides that a hearing

officer or other person who conducts the first administrative hearing among the parties may not later conduct a rehearing or appeal involving the same parties and issues. § 536.083, RSMo 2000. Specifically, it provides:

Notwithstanding any other provision of law to the contrary, in any administrative hearing conducted under the procedures established in this chapter, and in any other administrative hearing conducted under authority granted any state agency, no person who acted as a hearing officer or who otherwise conducted the first administrative hearing involving any single issue shall conduct any subsequent administrative rehearing or appeal involving the same issue and same parties.

*Id.* The issue in this case is whether the underlying proceeding pending before the PSC on remand from the circuit court constitutes an "administrative rehearing or appeal involving the same issues and same parties." Section 386.500.1, RSMo 2000, describes a "rehearing" before the PSC:

After an order or decision has been made by the commission, the public counsel or any corporation or person or public utility interested therein shall have the right to apply for a rehearing in respect to any matter determined therein, and the commission shall grant and hold such rehearing, if in its judgment sufficient reason therefor be made to appear; if a rehearing shall be granted the same shall be determined by the commission within thirty days after the same shall be finally submitted.

When a rehearing is granted by the PSC, the case stands as if it had not been previously heard. *State ex rel. State Highway Comm'n v. Pub. Serv. Comm'n,* 459 S.W.2d 736, 739 (Mo.App.1970). The term "appeal" as used in section 536.083 does not apply in a PSC case in the same sense

that the word is usually used to mean that a final decision is reviewed for error. The PSC does not consider appeals after a hearing officer issues findings of fact and conclusions of law such as an appeal from the Personnel Advisory Board to the Administrative Hearing Commission, for example. Instead, the PSC appeals process, as set out in sections 386.500 through 386.540, RSMo 2000, involves a rehearing before the commission, as discussed above. The circuit court, upon application for writ of review, reviews the decision and final review may occur by an appellate court.

 The underlying proceeding pending before the PSC following remand by the circuit court does not constitute an administrative rehearing or appeal. As Respondents/Relators acknowledge in their brief, their applications for rehearing before the PSC were denied by the PSC. The circuit court then became involved upon the filing of petitions for writs of review. The case was remanded to the PSC from the circuit court after the circuit court found that the findings of fact and conclusions of law in the PSC's August 31, 2000, Report and Order were inadequate. Section 536.090, RSMo 2000, is applicable to PSC decisions and requires "a concise statement of the findings on which the agency bases its order." *State ex rel. Noranda Aluminum, Inc. v. Pub. Serv. Comm'n,* 24 S.W.3d 243, 244 (Mo.App. W.D.2000)(quoting *Deaconess Manor Ass'n v. Pub. Serv. Comm'n,* 994 S.W.2d 602, 612 (Mo.App. W.D.1999)). A reviewing court's obligation to provide meaningful review of an agency's decision cannot be accomplished absent specific and complete findings of fact and conclusions of law. *Ruffin v. City of Clinton,* 849 S.W.2d 108, 111 (Mo.App. W.D.1993). If a reviewing court does not consider the findings complete in order to rule on the issues, it is obligated to remand the case for that purpose. *Id.* at 110. Remand to

an agency for more complete findings and conclusions does not constitute a "second hearing" in the sense that an absence of various procedural safeguards with respect to a second hearing, possibly including section 536.083, does not violate due process rights. *Id.* at 111. Instead, remand to an agency for more complete findings and conclusions as required by section 536.090, whether the agency simply reformulates such findings and conclusions based on the evidence already presented to it or chooses to reopen the hearing and have additional evidence presented to it,[2] is not a rehearing or appeal within the context of section 536.083 but is a continuation of the original hearing. A hearing officer, therefore, retains jurisdiction to complete the original hearing by preparing specific and complete findings and conclusions in compliance with section 536.090.

In this case, the underlying case was remanded to the PSC for findings and conclusions in compliance with section 536.090. Appellant, therefore, retained jurisdiction to complete the original hearing by drafting complete findings and conclusions. Section 536.083, therefore, does not apply to the underlying case, and the circuit court misapplied the law and abused its discretion in issuing the writ of prohibition. The judgment of the circuit court is, therefore, reversed, and the cause is remanded to circuit court with directions to quash the writ of prohibition and dismiss the petition with prejudice.

NEWTON, P.J., and EDWIN H. SMITH, J. concur.

---

2. *Ruffin,* 849 S.W.2d at 111; *Century State Bank v. State Banking Bd.,* 523 S.W.2d 856, 861 (Mo.App.1975).