Dennis C. ROSS et al., Appellants,

v.

CITY OF DES MOINES, Iowa, et al., Appellees.

No. 2–57288.

Supreme Court of Iowa.

Jan. 19, 1977.

Allan H. Rauch, Des Moines, for appellants.

William D. Groteluschen, City Solicitor, and Eugene E. Olson, Asst. City Solicitor, Des Moines, for appellees.

Heard by MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

UHLENHOPP, Justice.

This appeal involves the procedure for reassigning firemen, who had been retired for disability, to active service for light duty in cities which are under chapter 411 of the Iowa Code. Section 411.6(7)(c) of that chapter provides:

> The chief of the fire department or the chief of the police department of such city may, subject to the approval of the medical board, assign any former member of such department who is retired and drawing a pension for disability under the provisions of this chapter, to the performance of light duties in such department.

Firemen Ross, Phillips, and Bird, each of whom is under 55 years of age, were members of the fire department of the City of Des Moines, Iowa. They were retired from active service on disability pensions under chapter 411, which establishes retirement systems for firemen and policemen. While retired, they each worked in private employment and received earnings in addition to their pensions. Ross is in partnership with another individual; he runs a used car lot and the other individual runs a salvage yard. Phillips is maintenance supervisor for the J. C. Penney stores in Des Moines. Bird is parts manager for All American Transport Company; he disburses parts to mechanics and sees that the mechanics perform their assigned jobs.

Section 411.5(9) of the chapter in question provides for a medical board of three physicians and § 411.6(7) provides for periodic examination of disability retirees. Upon examination of these three retirees, the medical board found them able to perform light duties. The chief had several unfilled posts in his personnel quota, and he had light duties available which were ordinarily performed by regular firemen while not on fire calls, such as answering the telephone, sweeping and dusting, day watch (greeting anyone entering station), painting hose couplings, mowing lawns, and washing windows. The chief therefore reassigned these retirees to active service for light duty.

If reassigned to active service, the three retirees would not lose rank or seniority, nor would their pay scale in the fire department be reduced from their previous departmental pay. They would thus receive more money from the city than when on pension, but they would have to provide their services in order to receive the money.

The retirees brought an action against the City of Des Moines and others, challenging the validity of § 411.6(7)(c) and of the chief's reassignment order under that section. They obtained a temporary injunction. After trial, the trial court upheld the statute and reassignment order, and the retirees appealed.

We have examined the retirees' challenges and find that two of the challenges warrant an extended statement by us: the retirees' claims (1) that they were demoted without compliance with the civil service statute, and (2) that § 411.6(7)(c) violates procedural due process of law.

I. At least while on active service, Des Moines firemen are under civil service. Code 1975, § 400.6(1). They may be demoted under the procedure prescribed in

§§ 400.18 to 400.27, which was not followed here.

■ Assuming arguendo that Des Moines firemen retired for disability are under civil service, the difficulty with the retirees' challenge based on demotion is that they were not demoted. The record shows that upon reassignment they will not lose rank, seniority, or scale of pay. Notwithstanding the existence of the civil service statute, § 411.6(7)(c) must be applied when its terms are met. When a chief applies § 411.6(7)(c) and does not attempt to demote the retiree other than to assign him to light duty, no conflict exists between the civil service statute and § 411.6(7)(c). We thus hold that the chief's reassignment order here did not violate the civil service law.

II. The retirees' other challenge is more grave. They contend procedural due process requires more than the statute provides here—medical board approval and a reassignment order. They rely on § 1 of the Fourteenth Amendment to the United States Constitution and § 9 of Article I of the Iowa Constitution.

■ The city argues first that reassignment does not deprive the retirees of property; hence due process is not involved. We cannot accept this argument in view of language in *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287, and *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18. In a realistic sense, these retirees will lose substantial income by reassignment; presumably they will be unable to carry on their outside jobs or, at least, not as fully as before. But we do not turn the issue on that point. A retiree who has no outside job at all, who is completely inactive vocationally, receives his pension without putting in any time at the fire station. But after reassignment his situation changes. He must put in his time performing light duties in order to receive money. We think a deprivation of property occurs on reassignment within the contemplation of the due process clauses.

The city then argues that the present procedural safeguards are sufficient: medical board approval is necessary, and the retiree has certiorari available to review a chief's order together with temporary injunction to maintain the status quo.

We cannot accept this argument either. It assumes the medical board is infallible, but the very purpose of some type of hearing procedure is to discover whether the board is in fact right. True, certiorari is available. But certiorari does not provide de novo review in this situation, and under the present statutory reassignment procedure no adequate record comes to the court from a chief and no meaningful judicial review is possible. Thus a retiree has no real input either before a chief or a court.

■ We have no doubt that § 411.6(7)(c) is valid *substantively.* But it does not provide at least minimum, constitutionally-required *procedure.* The United States Supreme Court described the basic elements of process which is "due" in the *Goldberg* and *Mathews* decisions, and in *Wisconsin v. Constantineau,* 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515; *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570; and *Goss v. Lopez,* 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725. The present procedure does not measure up to minimum standards. We note that the statute establishing the predecessor retirement system provided a hearing. Code 1975, § 410.13.

We hold that the reassignment mechanism under § 411.6(7)(c) is invalid as wanting in procedural due process of law. The order reassigning these retirees is of no effect. This is the relief sought by the firemen in their brief.

REVERSED.