Harvey WEBER, Appellant,

v.

The **FIREMEN'S RETIREMENT SYSTEM**, Respondent.

No. 75805.

Supreme Court of Missouri,
En Banc.

March 22, 1994.

Alif A. Williams, St. Louis, for appellant.

James J. Wilson, Ronnie White, City Counselors, Michael A. Garvin, Asst. City Counselor, St. Louis, for respondent.

PRICE, Judge.

This case arises out of the St. Louis Firemen's Retirement System's denial of a service connected disability retirement to Harvey Weber. Weber sustained a back injury during the course of his employment. The case presents a number of basic issues in Missouri's administrative law: first, whether the St. Louis Firemen's Retirement System is subject to the requirements of the Missouri Administrative Procedure Act (MAPA);

second, whether a contested case hearing is required when a fireman is denied a disability retirement; and finally, to what extent the procedural requirements of a contested case hearing can be waived.

Administrative law is an increasingly important area of practice in Missouri. Unfortunately, it is becoming apparent that all too often neither agency nor private lawyers are complying with the requirements of MAPA. Here, because the Retirement System did not include with its decision findings of fact and conclusions of law, as required by § 536.-090, RSMo 1986, we reverse the judgment of the trial court and remand the case to it so that it may be further remanded to the Firemen's Retirement System.

## I

Harvey Weber served for eighteen years as a firefighter with the St. Louis Fire Department, reaching the rank of captain. During the course of his employment, he sustained several injuries to his back. In September, 1975, he slipped while pulling a fire hose. In October, 1975, a fire wall fell on his back. In December, 1975, he slipped and fell down some steps. Sometime between 1977 and 1986, he reinjured his back while pushing a recruit over a wall at the fire academy. He received medical treatment for each of these injuries, each time returning to active duty. His final injury occurred on July 9, 1986, when the pressure from a fire hose knocked him down a flight of stairs. Captain Weber was treated for this injury by four physicians at HealthLine and was excused from work.

On March 11, 1987, Captain Weber applied for a service connected disability retirement. Section 4.18.155 of the Revised Code of the City of St. Louis details the procedure for an application for accidental disability allowance. The section states, in relevant part, as follows:

Upon application by the member or the Chief of the Fire Department, any member who has become totally and permanently incapacitated for duty as the natural and proximate result of an accident occurring while in the actual performance of duty or exposure while in the actual performance of duty in response to an emergency call shall be retired by the Board of Trustees, *if the Medical Board shall certify* that the member is mentally or physically incapacitated for futher [sic] performance of duty, that the incapacity is likely to be permanent and that the member should be retired.

(Emphasis supplied.) In accordance with this section, the Board of Trustees for the Firemen's Retirement System ("Board") appointed a Medical Board of three physicians to examine Captain Weber and review his medical records. The three Medical Board physicians examined him individually. Two of the physicians, Dr. Sheridan and Dr. Kuhlman, concluded there was no objective evidence to support Captain Weber's disability claim and voted against his retirement. The third physician, Dr. Dusek, concluded Captain Weber was permanently unable to perform a fire captain's duty and voted for his retirement. After receiving the Medical Board's recommendation, the Board denied Captain Weber's application on October 29, 1987, and upheld the denial the next day.

On March 24, 1988, at Captain Weber's request, the Board conducted a hearing. At the hearing, Captain Weber presented the Board with medical records from his treating physicians at HealthLine, detailing his disability. He related his story to the Board in his own words, but neither he nor his attorney was permitted to ask any questions of the Board. The record does not indicate that Weber made any attempt to question the doctors on the Medical Board. The record further indicates no objection on Weber's behalf to the procedure followed.

The Board voted again to deny the application. The Board neither was requested to nor made findings of fact or conclusions of law. Captain Weber appealed the Board's decision on the record, claiming the decision was "arbitrary, unreasonable and ... not based on substantial evidence ...". The St. Louis City Circuit Court sustained the Board's decision on March 9, 1992, finding that the evidence supported the Board's conclusion. Captain Weber now asserts the Board's decision necessarily was invalid for

its failure to make findings of fact and conclusions of law.

## II

### A.

■ Our recent decision in *Byrd v. Board of Curators of Lincoln University,* 863 S.W.2d 873, 875 (Mo. banc 1993), clearly set out that MAPA contested case requirements apply not just to state agencies, but also to any administrative officer or body existing under the constitution or by law and authorized by law or the constitution to make rules or adjudicate contested cases. *See §§ 536.-010(1); 536.010(2); and 536.010(5).* The Firemen's Retirement System is created by law and empowered to determine whether St. Louis firefighters are entitled to disability retirement benefits. Like almost all other governmental agencies in this state, it is subject to the contested case requirements of MAPA. *See Hunter v. Madden,* 565 S.W.2d 456, 458 (Mo.App.1978).

### B.

Weber's claim for disability retirement benefits constitutes a contested case under the MAPA. A contested case is defined as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing". *§ 536.010(2), RSMo 1986.* Although this definition previously specified that the hearing must be required by *statute,* the language was revised in 1957 to include hearings required by *law. 1957 Mo.Laws 749.* Thus, even when the controlling statutory provision does not expressly mandate a hearing, as is the case with § 4.18.155 of the St. Louis Code, other areas of the law may so require.

■ Generally, the taking of a property right without notice and an opportunity to be heard violates the due process clauses of the United States and Missouri Constitutions. *U.S. Const.* amend. XIV, § 1; *Mo. Const.* art. I, § 10. Because of the dangerous nature of

Captain Weber's employment, which does not allow him to refuse a call that places him in danger, his right to a medical retirement after an on-the-job injury certainly is substantial enough to constitute a property right. *§ 87.200, RSMo; § 4.180.090, Revised Code of the City of St. Louis; See generally State ex rel. Police Retirement System of City of St. Louis v. Murphy,* 359 Mo. 854, 224 S.W.2d 68, 72–73 (1949) (holding pension rights under the police retirement act to be sufficient to require due process); *Petrillo v. Bay Area Rapid Transit District,* 197 Cal.App.3d 798, 243 Cal.Rptr. 74, 79 (1988) (statute gave vested right in disability retirement upon work-related disability); *Mortensen v. Board of Trustees of Employees' Retirement System,* 52 Haw. 212, 473 P.2d 866, 871 (1970) (benefits such as a service-connected disability retirement especially must be subject to procedural safeguards where they provide "the means to obtain essential food, clothing, housing and medical care") (quoting *Goldberg v. Kelly,* 397 U.S. 254, 264, 90 S.Ct. 1011, 1018, 25 L.Ed.2d 287 (1970)); *Ross v. City of Des Moines,* 249 N.W.2d 648, 650 (Iowa 1977) (a deprivation of property occurs when a fireman who has been retired for disability is reassigned to active service). Thus, Weber was entitled "by law" to a hearing as to whether he was eligible for a disability retirement from the Firemen's Retirement System, and he therefore was entitled to a contested case hearing in accordance with MAPA.

### C.

■ It is clear from the record that the hearing provided to Weber did not meet the various contested case requirements of MAPA. It is also clear that Weber did not make any objection as to the manner in which the proceedings were conducted. Procedural requirements that would otherwise be necessary before a final decision in a contested case may be waived. *§ 536.060(3), RSMo 1986*[1]*; see also Ruffin v. City of Clinton,* 849 S.W.2d 108, 112 (Mo.App.1993)

1. Section 536.060 states in relevant part: ... Nothing contained in sections 536.060 to 536.095 shall be construed ... (3) to prevent the waiver by the parties (including, in a proper case, the agency) of procedural requirements which would otherwise be necessary before final decision ...

(appellant waived objections raised for the first time on appeal); *Beck v. James,* 793 S.W.2d 416, 419 (Mo.App.1990) (alleged procedural and substantive deficiencies not raised before either the Board or the trial court were not preserved for review).

■ However, § 536.060(3) only permits the waiver of procedural requirements *"before* final decision". Additionally, § 536.130.-1(3) provides that "[t]he decision, order and findings of fact and conclusions of law *shall in every case be included"* in the record for judicial review. (Emphasis supplied.) Therefore, the requirement of § 536.090 that the final decision be in writing and shall include or be accompanied by findings of fact and conclusions of law may not be waived. Without findings of fact and conclusions of law, the court has no basis for reviewing the agency's decision on the record to determine whether it violated any of the provisions of § 536.140.2, which sets out the scope of review in contested cases.[2] *See Missouri Veterans Home v. Bohrer,* 849 S.W.2d 77, 80 (Mo.App.1993) (findings must be sufficiently specific that the court can review the decision intelligently without resorting to the evidence); *Ruffin v. City of Clinton,* 849 S.W.2d 108, 110 (Mo.App.1993) (court's remand was proper because inadequate, abbreviated and incomplete findings of fact frustrated meaningful review).

The distinction between predecision procedures that may be waived and a written decision with findings of fact and conclusions of law that cannot be waived evidences a realistic balance between agency practicality and judicial reviewability. Although parties certainly may demand all rights outlined in Chapter 536 for a contested case and a prop-

erly raised objection will preserve such matters for appeal, the agency and the contestant also may forgo rights accorded to them by law in the interest of saving time and expense. The ability to pursue a less formal and less expensive method of decisionmaking in appropriate cases may serve the interests of both the agency and the contestant. Thus, predecision procedures may be waived.

Conversely, judicial review on the record is inappropriate unless a full, written opinion, including findings of fact and conclusions of law, explains the basis for the agency's acts. The legislature has chosen to require written decisions, including findings of fact and conclusions of law, in all contested matters, without the possibility of waiver.

Here, Captain Weber made no objection to the manner in which his hearing was conducted. It appears that both the Board and Weber were able to create at a minimum of time and expense a factual record as to their various positions. Absent any objections, the Board was entitled to conclude that the procedure of the hearing provided was agreeable to Weber and we find no error preserved for our consideration at this time.

■ However, judicial review is not proper without a written decision with findings of fact and conclusions of law. Here, the Board failed to make such a decision. Weber's failure to object is not determinative because § 536.090 requires such a decision and § 536.060(3) does not provide that the requirement may be waived.[3] We reverse the judgment of the trial court and remand this case to it so that it may be further remanded to the Board of Firemen's Retirement Sys-

---

**2.** § 536.140.2 states:

2. The inquiry may extend to a determination of whether the action of the agency

(1) Is in violation of constitutional provisions;

(2) Is in excess of the statutory authority or jurisdiction of the agency;

(3) Is unsupported by competent and substantial evidence upon the whole record;

(4) Is, for any other reason, unauthorized by law;

(5) Is made upon unlawful procedure or without a fair trial;

(6) Is arbitrary, capricious or unreasonable;

(7) Involves an abuse of discretion.

**3.** We may have painted with too broad a brush in *Hagely v. Board of Education of Webster Groves,* 841 S.W.2d 663, 668 (Mo. banc 1992) when we said "[a] hearing that is not held pursuant to the procedural format necessary under MAPA does not qualify as a contested case, even though the hearing is required by law." Procedure does not generally change the substantive nature of a dispute. However, certain advantages otherwise provided by MAPA may be lost by the agency or the contestant when MAPA procedures are not followed.

tem for the making of findings of fact and conclusions of law.

All concur.