COMPLETE AUTO BODY & REPAIR, INC., Plaintiff/Appellant,

v.

ST. LOUIS COUNTY, Missouri, Charlie A. Dooley, Hazel Erby, Kathleen Burkett, and Mike O'Mara, Defendants/Respondents.

No. ED 89331.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 18, 2007.

Steve Koslovsky, Maryland Heights, MO, for appellant.

Michael A. Shuman, Associate County Counselor, Lawrence K. Roos Bldg., Clayton, MO, for respondents.

KATHIANNE KNAUP CRANE, Presiding Judge.

Plaintiff, an operator of a vehicle repair business, filed a petition for administrative review and damages arising out of the St. Louis County Council's denial of its appli-

cation for a conditional use permit. The trial court entered judgment in defendants' favor, and plaintiff appeals. We reverse and remand with instructions.

Plaintiff, Complete Auto Body & Repair, Inc., filed an application with the St. Louis County Planning Commission (the Commission) for a conditional use permit to operate a vehicle repair facility in an unincorporated area of St. Louis County, pursuant to section 1003.181.8(1) of the St. Louis County Revised Ordinances 1974 as amended (SLCRO). The Commission held a public hearing on the application and subsequently denied the application on July 18, 2005. On August 9, 2005, the Commission filed a report dated August 2, 2005 with the County Council as required by 1003.181.8(3) SLCRO. Plaintiff appealed the Commission's decision to the St. Louis County Council (the Council) pursuant to sections 1003.181.9(1) and 1003.193.3(1) SLCRO. The appeal was referred back to the Commission on September 13, 2005 in accord with section 1003.193.4(1) SLCRO. On October 11, 2005, the Council received and filed the response of the Commission and referred the appeal to the Public Improvements Committee (the PIC) for a hearing and recommendation to the Council. After conducting two hearings, the PIC recommended to the Council that the application be approved. The seven-member Council voted on a resolution to reverse the Commission's decision to deny plaintiff's application. The resolution received four votes, but failed to get the required two-thirds vote.[1] Accordingly, the application was denied.

Plaintiff filed a petition for review with the circuit court. As amended, the petition requested administrative review of the Commission's decision, damages for in-

verse condemnation, and damages for deprivation of rights under 42 U.S.C. section 1983. It sought administrative review on the grounds that no competent or substantial evidence supported a conclusion that it did not satisfy the criteria for a conditional use permit. It alleged that the decision was arbitrary and capricious and based solely on outside political considerations.

The parties submitted the case on documentary evidence and memoranda of law. The circuit court entered a judgment in defendants' favor on all counts, finding that the Council's decision to deny plaintiff's application was based upon substantial and competent evidence and was not contrary to the law. The court also found that plaintiff's claim that "outside factors" were the basis for the decision was not persuasive. Plaintiff appeals.

## DISCUSSION

For its sole point on appeal, plaintiff claims that the circuit court erred in affirming the Council's decision to deny plaintiff's application for a conditional use permit because the Council failed to enter written findings of fact and conclusions of law as required by section 536.090 RSMo (2000). Plaintiff has not challenged in this court whether the Council's denial was based on competent or substantial evidence, whether it was arbitrary and capricious, or whether the Council abused its discretion, and has not raised any other ground contained in section 536.140.2 RSMo (2000).

The Council acts as an administrative agency in making the decision to deny a conditional use permit. *THF Chesterfield N. Dev., L.L.C. v. City of Chesterfield,* 106 S.W.3d 13, 18 (Mo.App.2003). The parties agree that this was a contested

---

1. Section 1003.193.4(4) SLCRO provides that the Council may only reverse or modify any decision of the Commission upon a two-thirds affirmative vote.

case. The Council's decision was therefore subject to section 536.090, which provides:

> Every decision and order in a contested case shall be in writing, and, except in default cases or cases disposed of by stipulation, consent order or agreed settlement, the decision, including orders refusing licenses, shall include or be accompanied by findings of fact and conclusions of law. The findings of fact shall be stated separately from the conclusions of law and shall include a concise statement of the findings on which the agency bases its order. Immediately upon deciding any contested case the agency shall give written notice of its decision by delivering or mailing such notice to each party, or his attorney of record, and shall upon request furnish him with a copy of the decision, order, and findings of fact and conclusions of law.

Section 536.090 requires the entry of findings of fact and conclusions of law so that the circuit court can review the agency's decision on the record to determine whether the agency engaged in any of the actions made reviewable by section 536.140.2 RSMo (2000). *Weber v. Firemen's Retirement Sys.*, 872 S.W.2d 477, 480 (Mo. banc 1994).

The parties agree that no findings and conclusions were made. Defendants do not dispute that section 536.090 generally requires an administrative body to enter findings of fact and conclusions of law. However, defendants contend that plaintiff abandoned its right to assert this claim as error on appeal because it did not object to the lack of findings and conclusions in the trial court or, alternatively, it did not challenge the Council's decision on the merits in this court. Defendants also respond that the statutory requirement for findings and conclusions does not apply to the Council's decision in this case because the denial was supported by a minority of Council members, so there was no majority who could adopt findings and conclusions. We disagree with each of these contentions.

■ First, it is well-established that the failure to file findings and conclusions under section 536.090 cannot be waived by failing to object in the circuit court. *Weber*, 872 S.W.2d at 479–80. Next, plaintiff's failure to include in its brief any point addressing a challenge to the merits of the denial is not fatal to its appeal. The Missouri Supreme Court has allowed an appellant to challenge on appeal the absence of findings and conclusions under section 536.090 without requiring the appellant to also challenge the decision on the merits. *Weber*, 872 S.W.2d at 480. *Weber* explains that the findings of fact and conclusions of law required by section 536.090 enable the circuit court to review the agency's decision on the record to determine whether the agency violated any of the provisions of section 536.140.2 RSMo (2000). *Id.* The *Weber* court cited with approval *Ruffin v. City of Clinton*, 849 S.W.2d 108, 110 (Mo. App.1993). *Ruffin* teaches that the circuit court cannot conduct an administrative review without adequate findings, and the circuit court is obligated to remand for findings if adequate findings were not made. *Id.* Thus, even if no substantive challenge to the administrative decision is made in the appellate court, and even if the appellant did not object to the lack of findings in the circuit court, if an appellant raises the absence of findings in this court, we must remand to the circuit court for remand to the administrative agency to make findings of fact and conclusions of law. *See Weber*, 872 S.W.2d at 480.

■ Defendants last respond that no findings were required in this particular case because it would have been impossible to have any findings approved because a

majority of the Council members voted for the opposite result. We disagree. We are aware from reported cases that other municipal bodies have been able to adopt findings of fact and conclusions of law in similar circumstances. For example, in *Kirkwood Baptist Church v. City Council of Kirkwood*, 884 S.W.2d 437 (Mo.App. 1994), the three council members, who did not constitute a majority, but whose opposition to a special use permit was sufficient to defeat it, voted to adopt findings of fact and conclusions of law that were filed with the council's decision. *See also State ex rel. Presbyterian Church of Washington v. City of Washington*, 911 S.W.2d 697, 699 (Mo.App.1995); *State ex rel. Sander v. Bd. of Adjustment*, 60 S.W.3d 14, 16 (Mo.App. 2001). Thus, an administrative body can adopt findings of fact and conclusions of law supporting its decision even if the decision represents a minority view because it resulted from the failure of a supermajority to reach a different decision.

 The Council's failure to accompany its decision with findings of fact and conclusions of law as required by section 536.090 was error requiring reversal.

> Judicial review is inappropriate unless a full, written opinion, including findings of fact and conclusions of law, explains the basis for the Board's order. *See Weber*, 872 S.W.2d at 480. The failure to include written findings of fact and conclusions of law in an administrative decision following a contested case hearing is a non-waiveable error and requires reversal. *Id.*

*Graves v. City of Joplin*, 48 S.W.3d 121, 125 (Mo.App.2001). *See also State ex rel.*

*Noranda Aluminum v. Pub. Serv. Comm'n*, 24 S.W.3d 243 (Mo.App.2000). We must reverse the judgment of the trial court and remand this case to it so it may be further remanded to the Council for the making of findings of fact and conclusions of law.[2]

The judgment of the trial court is reversed and remanded with directions to the trial court with instructions to remand the case to the Council to make findings of fact and conclusions of law pursuant to section 536.090.

ROBERT G. DOWD, JR. and KENNETH M. ROMINES, JJ., concur.

---

**2.** We have considered defendants' claim that the appeal should be dismissed because plaintiff's point relied on asserted that the "trial court" erred, rather than that "the Council" erred. Although we do not condone the failure to follow the format for a point relied on contained in Rule 84.04(d)(2) when a decision of an administrative agency is being reviewed, the Council's error is set out in the remainder of the point, and the defect in the point has not affected our ability to review this case or defendants' ability to respond.